UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALONZO PUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1651** |
| **STATE OF LOUISIANA** | **SECTION: "A"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the state's unopposed motion for summary judgment be **GRANTED** and that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

Petitioner is a state prisoner seeking federal *habeas corpus* relief, claiming that the Louisiana Department of Corrections has erred in calculating his release date. Both § 2241 and § 2254 of Title 28 of the United States Code can serve as a basis for such relief. However, the two sections are not interchangeable; rather, each applies in a specific situation. Specifically, § 2254 applies when the prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court, while § 2241 applies when he is instead challenging the manner in which prison officials are executing his sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

The state has filed a motion for summary judgment arguing that petitioner's federal application should be dismissed on the grounds that he has not exhausted his remedies in the state courts.[1]  Petitioner has filed no opposition to that motion.

Regardless of whether a prisoner is seeking relief under § 2254 or § 2241, it is clear that he must first exhaust his remedies in the state courts. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995) (same); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same). Moreover, as the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

In the instant case, the state contends that there is no evidence that petitioner has presented his claim to the Louisiana state courts.  Moreover, in a telephone call placed by this Court on September 23, 2015, the Clerk of the Louisiana Supreme Court confirmed that petitioner has in fact filed no writ applications whatsoever with that court.  Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon petitioner's claim, his claim is not exhausted.  Therefore, his federal application should be dismissed on that basis.

---

[1] Rec. Doc. 11.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the state's unopposed motion for summary judgment be **GRANTED** and that the petition of Alonzo Pugh for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-eighth day of September, 2015.

                **SALLY SHUSHAN**
                **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.